**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 25-2668

_____

PAUL MCANDREW GRAHAM, III;
DONTE FAULKNER

v.

THE RAINBOW FLAG'S POLICE


Paul McAndrew Graham, III,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-00663)
District Judge: Honorable Keli M. Neary

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 23, 2025
Before: SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: January 13, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Paul Graham, III, proceeding pro se and in forma pauperis, appeals from the District Court's decision to dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because this appeal presents no substantial question, we will summarily affirm.

I.

Graham filed a complaint in the District Court that, while difficult to parse, seems to allege that police officers violated his right to petition the government by preventing an ambulance from being dispatched to take him from one hospital to another because he is a "gay hater." ECF No. 1 at 3. The complaint further alleges, perhaps in a related incident, that police officers harassed him and stole some of his property while he was in a Greyhound bus station in Harrisburg, Pennsylvania.[1] Graham also refers to a criminal case in which he pleaded nolo contendere to contacting 911 for other than emergency purposes in violation of 35 Pa. C.S. § 3510. *See* MJ-12104-CR-0000075-2025; CP-22-CR-0001078-2025 (C.C.P. Dauphin Cnty.).

A Magistrate Judge granted Graham's motion to proceed in forma pauperis, and recommended that his complaint be dismissed for failure to state a claim. In response, Graham filed a "statement of facts," which might liberally be construed as objections to the report, and a motion to appoint counsel. The District Court adopted the Magistrate Judge's report and recommendation, denied Graham's motion for counsel, and dismissed

---

[1] Graham lists an additional plaintiff in his complaint, Donte Faulkner, but it is not clear what his involvement is or whether he is aware of this lawsuit. Since Graham is a non-lawyer proceeding pro se, he may not represent another individual. *See, e.g.*, *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991).

his claims with prejudice, determining that any amendment would be futile. Graham's timely appeal followed. In this Court, Graham moved for a temporary restraining order against the Harrisburg City Police, alleging that he is being harassed and that he was erroneously ticketed for turning in a bus lane.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). A dismissal for failure to state a claim is proper when "accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

The District Court properly dismissed Graham's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While pro se pleadings should be liberally construed and held to less stringent standards than those prepared by attorneys, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), pro se litigants "cannot flout procedural rules" and "still must allege

sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Even liberally construed, Graham's complaint lacks almost any factual details to support his allegations (including even the specific defendants who allegedly caused him harm), and is thus too vague to satisfy the *Iqbal* standard. *See Iqbal*, 556 U.S. at 678 (explaining that a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). And given the significant defects in the complaint, the District Court did not err in dismissing Graham's complaint without leave to amend, since any amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002).

The District Court also properly denied Graham's motion to appoint counsel. Civil litigants have no statutory right to counsel, and we have held counsel should only be appointed when a claim has "arguable merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 153, 155 (3d Cir. 1993). The District Court determined that Graham's complaint failed to state a claim, and it properly denied his motion for appointment of counsel. Therefore, we will summarily affirm the judgment of the District Court.[2]

---

[2] Graham's motion for a temporary restraining order is also denied.